PANISH | SHEA | RAVIPUDI LLP
THOMAS A. SCHULTZ, State Bar No. 149578
  tschultz@panish.law
ANDREW SCHRADER, State Bar No. 307964
  aschrader@panish.law
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff, ANTONIO MALDONADO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MALDONADO, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF REDLANDS; REDLANDS POLICE DEPARTMENT; and JAMES RAGAN, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Fourth Amendment—Unlawful Arrest (42 U.S.C. § 1983) <br><br> 2. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br><br> DEMAND FOR JURY TRIAL |

# COMPLAINT FOR DAMAGES

1. Plaintiff Antonio Maldonado, for his complaint against Defendants the City of Redlands, the Redlands Police Department, and James Ragan, alleges as follows:

## I. Introduction

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with Defendant James Ragan's unlawful arrest of Plaintiff Antonio Maldonado without probable cause on August 26, 2023.

## II. Parties

3. At all relevant times, Plaintiff Antonio Maldonado was an individual residing in County of San Bernadino, California.

4. At all relevant times, Defendants the City of Redlands and the Redlands Police Department were duly organized public entities existing under the laws of the State of California.

5. At all relevant times, Defendant James Ragan was police officer of Defendants City of Redlands and Redlands Police Department and was acting under color of law and within the course and scope of his duties as an Officer. At all relevant times, Defendant Ragan was acting with the complete authority and ratification of his principals, Defendants City of Redlands and Redlands Police Department.

## III. Jurisdiction and Venue

6. This civil action is brought for the redress of deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernadino, California.

## IV. Facts Common to All Causes of Action

8. On August 26, 2023, Defendant Redlands Police Department received a call from Plaintiff's mother Diane Maldonado that Plaintiff's father Larry Maldonado had slapped Ms. Maldonado. Defendant Ragan responded to the call. On arrival, he began investigating a second incident involving Sarah Osmonson, Plaintiff Maldonado's girlfriend.

9. During the investigation, Defendant Ragan interacted with four individuals: Larry Maldonado, Diane Maldonado, Antonio Maldonado, and Sarah Osmonson.

10. Diane Maldonado told Defendant Ragan that Larry Maldonado had hit her and that she did not witness any physical altercation between Plaintiff Maldonado and Ms. Osmonson.

11. Sarah Osmonson told Defendant Ragan that she had attempted to swing at Plaintiff Maldonado with a cell phone in her hand and that Plaintiff Maldonado blocked her strike with his hand. When Plaintiff Maldonado blocked the strike, Ms. Osmonson's phone was dislodged from her hand and struck her in the face. She described Plaintiff Maldonado as "innocent" of any offense.

12. Plaintiff Maldonado was questioned separately from Ms. Osmonson and gave the same account of what occurred.

13. During the investigation, no witness said that Plaintiff Maldonado had battered Ms. Osmonson or committed any criminal offense. During the investigation, Defendant Ragan further observed that there was no physical evidence that Plaintiff Maldonado had committed a battery or any other offense. He did not personally observe Plaintiff Maldonado commit any wrongdoing. Defendant Ragan

observed that Plaintiff Maldonado was completely cooperative during his investigation and did not make any threats or any other type of aggressive behavior.

14. Nonetheless, Defendant Ragan arrested Plaintiff Maldonado for an alleged violation of California Penal Code section 243(e)(1), despite there being no probable cause that Plaintiff had committed any offense. Plaintiff Maldonado was arrested without probable cause because of a custom, practice, or policy of the Redlands Police Department that any call for service where domestic violence is complained of must result in an arrest, even if there is not probable cause to arrest anyone. Plaintiff Maldonado was subsequently released pursuant to California Penal Code section 849(b)(1) because there were insufficient grounds to make a criminal complaint against Plaintiff Maldonado.

15. All of the above facts concerning the events of August 26, 2023 were admitted by Defendant Ragan under oath during a deposition on August 15, 2025.

### First Claim for Relief

### (Fourth Amendment—Unlawful Arrest (42 U.S.C. § 1983))

16. Plaintiff repeats and re-alleges the allegations of Paragraphs one through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. During the events described in this Complaint, Defendant Ragan acted under the color of state law.

18. On August 26, 2023, Defendant Ragan violated Plaintiff Maldonado's Fourth Amendment rights to be free from unreasonable searches and seizures by arresting him without probable cause.

19. Plaintiff Maldonado suffered injury from his unlawful arrest, including mental and physical pain and suffering and loss of enjoyment of life.

20. Defendant Ragan's unlawful arrest of Plaintiff Maldonado was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

1 Plaintiff Maldonado and, therefore, warrants the imposition of exemplary and
2 punitive damages as to Defendant Ragan.

3   21.   Plaintiff also seeks statutory attorney fees under this claim.

### Second Claim for Relief

### (Municipal Liability—Custom, Practice, or Policy (42 U.S.C. § 1983)

22.   Plaintiff repeats and re-alleges the allegations of Paragraphs one through 15 of this Complaint with the same force and effect as if fully set forth herein.

23.   On August 26, 2023, Defendant Ragan violated Plaintiff Maldonado's Fourth Amendment rights to be free from unreasonable searches and seizures by arresting him without probable cause.

24.   Defendant Ragan acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of Defendant City of Redlands and Defendant Redlands Police Department that any call for service alleging domestic violence will result in the arrest of an individual, regardless of whether there is probable cause to make an arrest.

25.   Defendant City of Redlands and Defendant Redlands Police Department's official policy or widespread or longstanding practice or custom caused the deprivation of Plaintiff Maldonado's rights by Defendant Ragan; that is Defendant City of Redlands and Defendant Redlands Police Department's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

26.   Plaintiff Maldonado suffered injury from his unlawful arrest, including mental and physical pain and suffering and loss of enjoyment of life.

27.   Plaintiff also seeks statutory attorney fees under this claim.

**Prayer for Relief**

Plaintiff Maldonado requests entry of judgment in his favor and against Defendants Ragan, the City of Redlands, and Redlands Police Department as follows:

1. For compensatory damages in whatever amount may be proven at trial;
2. For punitive damages against Defendant Ragan in an amount to be proven at trial;
3. For statutory damages;
4. For interest;
5. For reasonable statutory attorneys' fees, including litigation expenses;
6. For costs of suit; and
7. For such other relief as the Court may deem just, proper, and appropriate.

DATED: August 19, 2025                    PANISH | SHEA | RAVIPUDI LLP

By: ____/s/ Andrew L. Schrader____
Andrew L. Schrader
Attorneys for Plaintiff, ANTONIO MALDONADO

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury.

DATED: August 19, 2025            PANISH | SHEA | RAVIPUDI LLP


By: _____/s/ Andrew L. Schrader_____
　　　Andrew L. Schrader
　　　Attorneys for Plaintiff, ANTONIO MALDONADO